PHINEAS L. HILL, Plaintiff-Appellee, v. JAMES EDGAR, Secretary of State, Defendant-Appellant.

Second District    No. 2—88—0484

Opinion filed February 9, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Vincent J. O'Brien, Assistant Attorney General, of Chicago, of counsel), for appellant.

James J. Dombek, of UAW-Chrysler Legal Services Plan, of Belvidere, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Phineas L. Hill, brought this action pursuant to the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) to review a decision of defendant, Illinois Secretary of State (Secretary), under the Illinois safety responsibility law (the Act) (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*). Defendant found that there existed a reasonable possibility of a civil judgment being entered against plaintiff as the result of a car accident, and thus defendant suspended plaintiff's driving privileges absent the filing of a $1,900 bond. The circuit court reversed defendant's decision as against the manifest weight of the evidence. Defendant appeals the

circuit court's reversal of defendant's order. We affirm in part and reverse in part.

Plaintiff was the uninsured driver of a car of an uninsured owner. He was involved in a car accident in Winnebago County, Illinois. Edward Defendl was the owner and operator of the other car involved in the accident. Defendl had two passengers in the car with him at the time of the accident. Both plaintiff and Defendl filed accident reports with the Department of Transportation (Department) following the accident. Defendl's report indicates that the accident resulted in between $500 and $1,500 damage to his car. His report also indicates that he sustained neck and back injuries in the accident; that passenger Ronald Francis sustained head, neck, back, and leg injuries; and that passenger Tina Lancaster sustained head and neck injuries. Plaintiff's report indicates that there was no damage to his car.

Based on the accident reports, and pursuant to its responsibility under the Act (Ill. Rev. Stat. 1987, ch. 95½, par. 7—201.3), the Department prepared a certificate of estimated property damage and bodily injury resulting from the accident. The property damage estimate was $1,000; the bodily injury estimate was $900. The Department notified plaintiff that his failure to provide evidence of liability insurance or other means to pay for damages resulting from the accident compelled the Department to certify his name as an uninsured motorist to the Secretary for possible suspension of his driving privileges.

On May 11, 1987, the Secretary issued a notice of suspension. The notice states that a review of the accident file resulted in a preliminary finding that there was a reasonable possibility of a civil judgment in excess of $250 being entered against plaintiff. Plaintiff was required to deposit as security a surety bond, cashier's check, bank draft, or money order in the amount of $1,900 to prevent suspension of his driver's license. Plaintiff filed a written request for an administrative hearing to contest the preliminary finding.

An administrative hearing was held on October 8, 1987. Although all interested parties (including Defendl and his two passengers) were given notice, only plaintiff appeared at the hearing. The Secretary entered several exhibits into evidence: the Department's certificate of estimated property damage and bodily injury; plaintiff's notice of suspension; plaintiff's request for an administrative hearing; notice of the hearing; and both accident reports.

At the hearing, plaintiff testified that there had been a collision wherein the front of his car collided with the rear of Defendl's car.

Plaintiff characterized the impact as "very light." He stated that neither car was damaged and that no one complained of injuries after the accident. The police were not called to the scene. Sometime after the accident, Defendl telephoned plaintiff and gave him an estimate of $350 property damage. Plaintiff met personally with Defendl, and, although he believed that he had not caused any damage, plaintiff made a $100 payment to Defendl. Defendl told him that a $250 balance was still due. Defendl later sent an estimate of damage in the amount of $350 to plaintiff. Plaintiff did not produce any receipts or copies of the estimate at the hearing.

The Secretary found that, based on the evidence and testimony and exhibits, there was a reasonable possibility of a civil judgment being rendered against plaintiff as a result of the accident. Because plaintiff had failed to post security, a license suspension order was entered against plaintiff.

Plaintiff filed a complaint for administrative review in the circuit court. The circuit court reversed the administrative decision, finding that defendant had violated section 1001.250(d) of the regulations on Safety Responsibility Hearings (92 Ill. Adm. Code 1001.250(d) (1987)).

Section 1001.250(d) provides:

"Except for evidence depositions admissible under the law of the State of Illinois, written statements unsubstantiated by oral testimony may not prevail against oral testimony offered on the same issue." 92 Ill. Adm. Code 1001.250(d) (1987).

The circuit court found that under section 1001.250(d), the oral testimony offered by plaintiff at the hearing must prevail over the written evidence offered by the Secretary; therefore, the decision in favor of the Secretary was against the manifest weight of the evidence. The Secretary filed a motion to reconsider; the motion was denied. The Secretary now appeals the circuit court's reversal of the administrative decision.

The Secretary contends that the circuit court erred in relying upon section 1001.250(d) to reverse the administrative decision because the documentary evidence introduced by the Secretary was substantiated by plaintiff's own testimony at the hearing. Plaintiff contends that his testimony refuted the evidence of property damage, personal injury, and the amount of damage claimed.

■ The purpose of a hearing under the Illinois safety responsibility law is to determine whether there is a reasonable possibility that a civil judgment could be entered against the respondent for liability arising from an automobile accident. (Ill. Rev. Stat. 1987, ch. 95½, par. 7—205.) The issues to be determined at such a hearing are:

"(1) The identity of the driver(s) involved in the accident;

(2) The identity of the owner(s) of the vehicle(s) involved in the accident;

(3) The nature and extent of the bodily injury or property damage sustained in the accident;

(4) The determination, based upon the evidence presented, as to whether there is a reasonable possibility of either of the following situations occurring; to wit:

(A) A judgment being rendered against the Respondent for liability resulting from bodily injury occasioned by the accident; or

(B) A judgment being rendered against the Respondent for liability in an amount in excess of the statutory minimum [of $250] resulting from property damage to the property of any one person occasioned by the accident.

(5) Should it be so determined that either of these two factual situations exists, a prima facie case shall be deemed established; and only in the event that a prima facie case, as defined in this paragraph, is established, shall the Respondent have the burden to rebut or overcome said prima facie case." 92 Ill. Adm. Code 1001.240 (1987).

The issue on appeal is whether, under the administrative regulations, the Secretary had established a *prima facie* case and, if so, whether plaintiff had met the burden of rebutting or overcoming the *prima facie* case.

The Secretary's evidence, specifically the Defendl accident report, indicates that there was property damage in excess of the $250 statutory minimum and that there was bodily injury to Defendl and his passengers. Based on this evidence alone, there was a reasonable possibility of a judgment being rendered against plaintiff for property damage and for bodily injury. The Secretary had established a *prima facie* case which plaintiff had the burden to rebut or overcome.

The remaining question is, therefore, whether plaintiff met this burden.

■ The administrative regulation correctly relied on by the trial court requires that written statements unsubstantiated by oral testimony may not prevail against oral testimony offered on the same issue. On the issue of property damage, plaintiff testified that Defendl told him the damage to his car was $350, and he testified that he saw an estimate for $350. This oral testimony substantiates the Defendl written report that there was damage to the vehicle. Defendl's written statement that the damage was between $500 to $1,500,

however, was not substantiated and cannot prevail over plaintiff's testimony on this issue. Plaintiff's testimony indicated that the damage to the car was, at most, $350 based upon an alleged statement of Defendl as to the extent of damages. Plaintiff made a $100 payment to Defendl, and a $250 balance was due. This testimony does rebut the Secretary's *prima facie* case on the possibility of a judgment in excess of $250 for property damage.

■ However, on the issue of bodily injury, the plaintiff has not successfully rebutted or overcome the Secretary's case. Plaintiff testified that neither Defendl nor the passengers complained to him of injuries. This testimony does not address whether they were, in fact, injured. The Defendl report indicates that all three suffered some kind of personal injury. Plaintiff's testimony that they did not complain of injury does not rebut or overcome the Secretary's *prima facie* case that there is a reasonable possibility of a judgment being entered against plaintiff for liability resulting from bodily injury occasioned by the accident.

On the issue of bodily injury, the Secretary established a *prima facie* case which the respondent was unable to rebut; therefore, an order of suspension was properly entered upon the estimated $900 of bodily injury.

The judgment of the circuit court of De Kalb County is affirmed in part and reversed in part; the administrative decision of the Secretary of State is affirmed in part and reversed in part, and the cause is remanded to the Secretary of State for reduction of the bond to $900.

Affirmed in part, reversed in part and remanded.

WOODWARD and LINDBERG, JJ., concur.